United States District Court
Southern District of Texas
**ENTERED**
August 09, 2022
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| D.P. and A.P., individually and as next friends of and JANE DOE, a minor child, | § § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | |
| HOLY SEE (VATICAN CITY STATE), THE ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF GALVESTON-HOUSTON, and CARDINAL DANIEL N. DINARDO, HIS PREDECESSORS AND SUCCESSORS AS ARCHBISHOP OF THE ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF GALVESTON-HOUSTON, | § § § § § § § § § § | CIVIL ACTION NO. 4:21-CV-2286 |
| *Defendants.* | § § | |

**ORDER**

Before the Court is the Motion to Dismiss Plaintiffs' Second Amended Complaint filed by Defendants Archdiocese of Galveston-Houston and Cardinal Daniel N. DiNardo ("Defendants"). (Doc. No. 16). Plaintiffs D.P., A.P., and Jane Doe ("Plaintiffs") have responded in opposition and Defendants have replied. (Doc. Nos. 20, 21). The Court hereby grants in part and denies in part the motion to dismiss.

**I.**

This case stems from an alleged incident of sexual misconduct that occurred between a Catholic priest and a child at the Nazareth Academy in Victoria, Texas in 2018. These allegations have been vehemently denied by the Defendants in this case, and the Plaintiffs maintain that the event occurred as alleged. First, it is important to note at the onset that this motion does not address the merits of the allegations, and in ruling on a motion to dismiss a court must accept the factual

allegations in the complaint to be true. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). Consequently, at this stage the Court is not called upon to rule and will not be ruling on which side is right factually. Second, the priest who is alleged to have committed the untoward acts ("Father Phi") is not a defendant in this case and therefore the Court is not called upon to address any direct allegations between a defendant and the minor child. Instead, all allegations take some form of either vicarious liability for the acts of others or some form of allegations of acts or omission whereby one of the defendants might be directly responsible for the misdeeds of others.

## II.

### A.   Fraud

The Defendants first contend this Court should dismiss the fraud allegations as not complying with the Federal Rules of Civil Procedure. This Court need not analyze the applicable law at length because the pleadings clearly do not comply. While the plaintiffs throughout their pleadings refer to certain representations or—according to them—misrepresentations, their pleadings do not comport with the requirements of Rule 9(b) of the Federal Rules of Civil Procedure. Rule 9(b) is specifically designed to require plaintiffs to make specific allegations concerning fraud. The current pleading falls woefully short of that standard.

Plaintiffs "'must state with particularity the circumstances' of the allegedly fraudulent conduct. . . . [P]laintiffs alleging fraud must additionally describe, in short, 'the who, what, when, and where' supporting their fraud allegations." *Molina-Aranda v. Black Magic Enterprises, L.L.C.*, 983 F.3d 779, 784 (5th Cir. 2020) (quoting *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997)).

Moreover, a fraud pleading must not "lump" defendants together. The allegations must be defendant-specific.

> Consistent with our rejection of the "group pleading" doctrine, we do not construe allegations contained in the Complaint against the "defendants" as a group as properly imputable to any particular individual defendant unless the connection between the individual defendant and the allegedly fraudulent statement is specifically pleaded. While the plaintiffs aver in paragraph 21 of the Complaint that the individual defendants "each controlled the contents of and participated in writing INSpire's SEC filings, reports and releases," this conclusory allegation fails to specify which of these documents is attributable to each individual defendant, let alone which portions or statements within these documents are assignable to each individual defendant.

*Southland Sec. Corp. v. INSpire Ins. Sols., Inc.*, 365 F.3d 353 (5th Cir. 2004).

Allegations of some vague representation, made on an unspecified date and at some unnamed place to unnamed individuals do not suffice. *See* (Doc. No. 15 at ¶¶ 66, 69–70). The fraud claims are hereby dismissed.

**B.    Negligent Misrepresentation**

Under Texas law, a cause of action for negligent misrepresentation is limited to situations in which the actor is aware of the listener and intends that the listener rely on the information provided. *Grant Thornton LLP v. Prospect High Income Fund*, 314 S.W.3d 913, 920 (Tex. 2010). Defendants argue that Plaintiffs' pleadings in this cause of action lack any allegation that any Defendant knowingly provided information to any Plaintiff. Plaintiffs claim that their allegations are sufficient. The pleadings setting out these claims are ambiguous at best. The Court quotes the two most pertinent paragraphs:

> [62.]  d.  misrepresenting facts about "causes of solicitation" and "crimen pessimus" to victims who requested information about such clerics in order to conceal the Archdiocese's own negligence in order to avoid scandal;
>
> . . .
>
> 69.    Defendants actively and constructively stated and/or represented numerous falsehoods, including purporting that Father Phi was a man of good moral character, a holy man who could be entrusted with the care, counseling, teaching, and instruction of children. These representations, among others outlined in this pleading, were false, untrue and misleading and were known to be false, untrue and misleading at the time they were made, or were made with a reckless disregard as

3

to whether they were true or false or for their potential consequences to the laity of Galveston-Houston Archdiocese and in particular these Plaintiffs. These falsehoods and non-disclosures were material facts made with the intent to deceive and to induce reliance.

(Doc. No. 15 at 28, 31).

These claims are generalities and conclusory at best. Negligent misrepresentation and fraud are so similar in character that the need to require specific pleadings are common to both. These pleadings also lack the precision that is required by Rule 9(b) of the Federal Rules of Civil Procedure. *See Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997) (applying Rule 9(b) requirements to negligent misrepresentation claims where parties fail to urge separate focus from fraud claims). The surrounding paragraphs do not fill in the circumstances required to adequately plead this claim. In fact, these pleadings are so lacking in facts that they do not suffice to satisfy even the general rules of pleading laid out in Rule 8 of the Federal Rules of Civil Procedure. As such, the negligent misrepresentation claims are hereby dismissed.

## C.    Breach of Fiduciary Duty

The parties have cited various cases that they claim support their respective positions concerning whether a priest–parishioner relationship qualifies under Texas law as a fiduciary relationship. Defendants claim that Plaintiffs' authorities stem primarily from out-of-state cases or from Texas cases that predate a now-existent long line of cases that establish that, in Texas, there is *not* a fiduciary relationship between a member of the clergy and a parishioner. *See, e.g., Hawkins v. Trinity Baptist Church*, 30 S.W.3d 446, 452–53 (Tex. App.—Tyler 2000, no pet.); *John Doe XV v. Roman Catholic Diocese of Dallas ex rel. Grahmann*, No. 05-99-01774-CV, 2001 WL 856963 at *3 (Tex. App.—Dallas July 31, 2001, pet. denied); *Turner v. Church of Jesus Christ of Latter-Day Saints*, 18 S.W.3d 877 (Tex. App.—Dallas 2000, pet. denied). Plaintiffs cite earlier or out of

state cases that they claim support their contentions. *See, e.g., Doe v Evans*, 814 So.2d 370 (Fla. 2002); *Martinelli v. Bridgeport Roman Catholic Diocesan Corp.*, 196 F.3d 409 (2d Cir. 1999).

While these cases are informative, neither side's cases are particularly helpful as this lawsuit deals with a completely separate set of facts. While Defendants' briefing clearly cites what appears to be the current rule in Texas, there is no Texas case cited by either side that holds that a Cardinal has a fiduciary duty to a parishioner that he has never met or counseled. Similarly, there is no case holding that the diocese, an entity or organization, has a fiduciary duty to a parishioner—especially a parishioner located in another diocese. In fact, the Dallas Court of Appeals in *Turner* rejected a breach of fiduciary duty claim as a matter of law for an individual that was actually working for the church as a missionary—a much closer relationship than the one alleged here. 18 S.W.3d at 887–88. Plaintiffs' pleadings in this regard do not plead a ground upon which they can recover. The claims for breach of fiduciary duty as to these Defendants are dismissed.

**D.      Premises Liability**

The Second Amended Complaint is not a monument to clarity, and that has led to some of Defendants' complaints. For example, Defendants argue that Plaintiffs' claims alleging premises liability should be dismissed. Plaintiffs argue that they have made no such claims. This Court's reading matches that of the Plaintiffs. Nevertheless, the Court makes clear that, to the extent one can read any portion of the Second Amended Complaint to allege a premises liability action, those claims are hereby dismissed.

**E.**     **Intentional Infliction of Emotional Harm**

Despite a complaint that exceeds 40 pages, the only clear allegation supporting a claim for intentional infliction of emotional harm is found in paragraph 68. It states:

> The Archdiocese and Cardinal DiNardo's conduct at the time and on the occasions in question, and continuing through the present day, resulted in the intentional infliction of emotional distress upon Plaintiffs.

(Doc. No. 15 at 31).

Defendants contend that this paragraph is conclusory at best and falls far short of pleading a short factual statement that would apprise the opposing party of the conduct being attacked. *See Twombly*, 550 U.S. at 555 (requiring under Rule 8(a)(2) "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957))).

Plaintiffs respond by claiming that the alleged intentional infliction of emotional harm occurred after the alleged incident came to light. They refer this Court to paragraph 39 of the Second Amended Complaint, which they interpret as a pleading that the Defendants somehow obstructed justice, which they equate to intentional infliction of emotional harm. The Court notes initially that the Second Amended Complaint never links paragraphs 39 and 68 and that a reader would need to be clairvoyant to make this connection.

This is especially true since paragraph 39 does not reference obstruction of justice by the Defendants. It states:

> The Victoria Police noted in their investigation that Phi, through his private attorney, refused to submit to their questions and demanded that the investigation be dismissed as "unsupported." Other important witnesses would not cooperate and therefore were not questioned, including DOE's four non-Catholic classmates who were also blessed that day by Phi. The police records do not show that the Victoria Police had access to Phi's personnel file with the Archdiocese or that they spoke to his "boss," Defendant Cardinal DiNardo, or any official of the Archdiocese

concerning Phi's history of "causes of solicitation" or "crimen pessimum" ("the foulest crime" defined under the 1962 Instructions as "any external obscene act, perpetrated or attempted by a cleric in any way with pre-adolescent children . . . ."). Nevertheless, **as Victoria Police Department Detective Tate stated in her report, "Due to obstructions in this investigation in the form of witnesses being interfered with, media interference, and fear of retaliation from victims and witnesses by the reporting party's family,** I have exhausted all investigative leads in this case. This case will be forwarded to the Victoria District Attorney's Office, pending further review." Certainly, through no fault of the minor-Plaintiff JANE DOE, who did all she was asked to do, the criminal charge was presented to a grand jury and not surprisingly "no billed".

(Doc. No. 15 at 16) (emphasis added).

Thus, rather than supporting the claim made in Plaintiffs' response to the pending motion, that "the Defendants evidently made a conscious decision to obstruct the pursuit of justice," (Doc. No. 20 at 19), the actual wording of the complaint in the referred-to paragraph states the police found the Plaintiffs were the obstructing party.

The Second Amended Complaint does not adequately set out an intentional infliction of emotional harm cause of action and that cause of action is dismissed.

## F.  Vicarious Liability

Plaintiffs in multiple places attempt to assert that these Defendants are liable for the alleged acts of Father Phi. In both the clergy–parishioner arena and in the private sector, Texas law is clear: an employer or a supervisor is liable for an employee's tortious conduct only when it falls within the scope of the employee's general authority in the furtherance of the employer's business and for the accomplishment of the object for which the employee was hired. *Minyard Food Stores, Inc. v. Goodman*, 80 S.W.3d 573, 577 (Tex. 2002). When an employee deviates from the performance of his duties for his own purposes, the employer is not responsible for what occurs during that deviation. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 757 (Tex. 2007). Plaintiffs' pleading clearly establishes that Father Phi deviated from the scope of his employment.

This conclusion has been established in case after case. *See, e.g., Doe v. Kanakuk Ministries*, No. 3:13-CV-3030-G, 2014 WL 3673029 at *7–8 (N.D. Tex. July 24, 2014); *Doe I v. Roman Catholic Diocese of Galveston-Houston*, No. CV H-05-1047, 2006 WL 8446968 at *3 (S.D. Tex. Mar. 27, 2006). The Fifth Circuit has likewise come to this conclusion. *Tichenor v. Roman Catholic Church of Archdiocese of New Orleans*, 32 F.3d 953, 960 (5th Cir. 1994). Therefore, these claims are dismissed.

Further, Plaintiffs plead a cause of action they describe as "vicarious liability for negligent assumption of the risk of intentional or criminal conduct." Plaintiffs' Second Amended Complaint reads:

> Plaintiffs allege that Defendants Roman Catholic Archdiocese of Galveston-Houston and DiNardo are liable for the acts and/or omissions of Reverend Phi Thanh Nguyen under the legal doctrine of negligent assumption of the risk of intentional or criminal conduct.

(Doc. No. 15 at 29).

Assumption of risk is an affirmative defense that the Supreme Court of Texas abolished years ago. *Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 209–10 (Tex. 2015). It is not a theory of direct liability or vicarious liability. This "cause of action" is dismissed.

Finally, Plaintiffs try to assert an aiding and abetting claim—separate and apart from its civil conspiracy claim. Texas courts have never recognized a civil aiding and abetting claim. *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 225 (Tex. 2017). While declining to recognize such a claim, the Supreme Court of Texas has stated that if such cause of action did exist, it would require that the actor with wrongful intent would have to provide the wrongdoer with substantial assistance and encouragement to harm the plaintiff. *Id.* Consequently, even if such cause of action existed, Plaintiffs' pleadings in this regard are severely lacking. This claim is dismissed.

In conclusion, all claims for vicarious liability, regardless of the label under which they have been pleaded, are dismissed.

## III.

The following claims in the Second Amended Complaint against the Defendants Archdiocese of Galveston-Houston and Cardinal Daniel N. DiNardo are dismissed: fraud, negligent misrepresentation, premises liability, vicarious liability, breach of fiduciary duty, and intentional infliction of emotional harm.

Plaintiffs will be allowed to replead the fraud and negligent misrepresentation claims if they file an appropriate motion for leave after this Court rules on the jurisdiction issues.

Plaintiffs are to inform this Court about the status of service on the Defendant Holy See (Vatican City State) within thirty (30) days of this order.

SIGNED at Houston, Texas this 9th day of August, 2022.

Andrew S. Hanen
United States District Judge

9