IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| D.P. and A.P., individually and as next friends of and JANE DOE, a minor child, | § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | CIVIL ACTION NO. 4:21-CV-2286 |
| HOLY SEE (VATICAN CITY STATE), THE ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF GALVESTON-HOUSTON, and CARDINAL DANIEL N. DINARDO, HIS PREDECESSORS AND SUCCESSORS AS ARCHBISHOP OF THE ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF GALVESTON-HOUSTON, | § § § § § § § § § § | |
| *Defendants*. | § § | |

## ORDER

Before the Court is Plaintiffs' Motion for More Time to Retain an Attorney. (Doc. No. 44). The genesis of that motion is the fact that a 60-day stay the Court entered in order to give the Plaintiffs time to hire a lawyer (after their prior attorney withdrew due to conflicts with the Plaintiffs) is due to expire. That stay was initiated following a hearing on the Motion to Withdraw filed by Plaintiffs' counsel. (Doc. No. 39). The Court held that hearing because the Plaintiffs (themselves, not their counsel) had publicly filed at least one document disclosing their private conversations with their lawyer. (Doc. No. 34). Defense counsel, to their credit, brought this to the attention of the Court. (Doc. No. 35). The Court sealed this filing to protect the Plaintiffs' privilege and defense counsel destroyed their copy without reading it. That filing was soon followed by the Motion to Withdraw.

At the hearing on the Motion to Withdraw, the Court explored the obvious acrimony between the Plaintiffs and their counsel. Both sides indicated the attorney-client relationship was irreparably damaged, so the Court granted the motion to withdraw. In an effort to express the Court's concern that it was in the Plaintiffs' best interest to be represented by a lawyer, it made the following statement:

> Let me put it this way. In a criminal case like we were sitting here talking when you came in. We're getting ready to go to trial in a criminal case. I have a duty to make sure the defendant is represented so his constitutional rights are protected. In a civil case I don't have that duty. In a civil case it's A versus B. They may get along, they may not get along; but all I am is kind of a referee and so I don't decide, you know, whether somebody is being represented well or whether they're not being represented well. So I don't have a role in that.
>
> But here's the point. If I grant counsel's motion to withdraw, you will then be unrepresented; and you're either going to have to represent yourselves or go get another lawyer. Now, obviously I would strongly suggest you go get another lawyer.

(Doc. No. 43 at 6–7).

This statement was clearly made to drive home two points: (1) Plaintiffs would be better off being represented by a lawyer; and (2) that a judge cannot intervene for either side or ensure that parties, if *pro se*, and/or counsel are properly doing their job. Rather than appreciating the Court's concern, the Plaintiffs quoted the above statement in their Motion, albeit in an edited fashion, in a manner that clearly takes the statement out of context. They then refer the Court to numerous sections of various ethical rules, none of which are applicable here.

This Court, recognizing the seriousness of the subject matter that is the basis of this case, has gone to great lengths to try to prevent the Plaintiffs from damaging their own lawsuit. The Court has restricted the public's and the Defendants' access to privileged communications the Plaintiffs filed in open court, advised them of the pitfalls of proceeding without counsel, and given them additional time to serve the Holy See. Plaintiffs now request more time to seek

counsel. The essence of the Defendants' Response in opposition to Plaintiffs' Motion is that the Plaintiffs have been dilatory in pursuing this case by parting ways with their lawyer, by not serving the Holy See, and by not timely hiring new counsel. (Doc. No. 45). Defendants suggest the Court should not stay the case any longer. (*Id.*).

While the Defendants may be correct, the Court, given the implicit allegations included in Plaintiffs' Motion for More Time, hereby recuses. Thus, Plaintiffs' motion will be considered by the next judge to whom this case is assigned.

SIGNED at Houston, Texas this 23rd day of March, 2023.

Andrew S. Hanen
United States District Judge